IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL R. ANDERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-1825-RGA |
| | : | |
| ROBERT MAY, Warden,[1] and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Nathaniel R. Anderson. *Pro se* Petitioner.

Kathryn J. Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 10, 2022
Wilmington, Delaware

---

[1] Warden Robert May replaced former Warden Dana Metzger, an original party to this case. *See* Fed. R. Civ. P. 25(d).



ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Nathaniel R. Anderson is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion to Dismiss (D.I. 14), and Petitioner filed a Response in opposition (D.I. 17). For the reasons discussed, the Court will grant the State's Motion to Dismiss, and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I. BACKGROUND

In July 1994, a Superior Court jury convicted Petitioner of two counts of first degree unlawful sexual intercourse. *See State v. Anderson*, 1998 WL 1029252, at *1 (Del. Super. Ct. Sept. 29, 1998). The Superior Court sentenced Petitioner on October 7, 1994 to a total of fifty years at Level V, including credit for 102 days already served. (D.I. 8-20 at 3) *see State v. Anderson*, 1999 WL 743448, at *1 (Del. Super. Ct. July 7, 1999)). On May 16, 1995, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See Anderson v. State*, 660 A.2d 393 (Table), 1995 WL 330821, at *2 (Del. May 16, 1995). Petitioner appealed the Delaware Supreme Court's decision to that same court (D.I. 8-6), which dismissed the appeal because it did not have jurisdiction to hear an appeal of its own decision. (D.I. 8-7)

On April 20, 1998, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 8-20 at 6, Entry No. 29) The Superior Court denied the Rule 61 motion on September 29, 1998, and Petitioner did not appeal that decision. (D.I. 8-20 at 7, Entry No. 37; *see Anderson*, 1998 WL 1029252, at *2).

On December 10, 1998, Petitioner filed a second Rule 61 motion, which the Superior Court denied on July 7, 1999. (D.I. 8-20 at 7, Entry No. 40; *see State v. Anderson*, 1999 WL 743448, at *2 (Del. Super. Ct. July 7, 1999)). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on May 8, 2000. *See Anderson v. State*, 755 A.2d 386 (Table), 2000 WL 949615, at *2 (Del. May 8, 2000).

Petitioner filed a third Rule 61 motion on May 30, 2002, which the Superior Court . summarily dismissed on June 13, 2002. (D.I. 8-20 at 8, Entry Nos. 50, 51; *see State v. Anderson*, 2002 WL 1335494, at *2 (Del. Super. Ct. June 13, 2002)). The Delaware Supreme Court affirmed the Superior Court's judgment on August 28, 2002. *See Anderson v. State*, 804 A.2d 1065 (Table), 2002 WL 2009111, at *1 (Del. Aug. 28, 2002).

In December 2008, Petitioner filed a motion for modification of sentence, which the Superior Court denied in February, 2009. (D.I. 8-20 at 8-9, Entry Nos. 55, 56) Petitioner did not appeal that decision.

Petitioner filed a fourth Rule 61 motion on May 21, 2012. (D.I. 8-20 at 9, Entry No. 57) The Superior Court denied the Rule 61 motion on November 5, 2012. (D.I. 8-20 at 10, Entry No. 67) Petitioner did not appeal that decision.

Petitioner filed a fifth Rule 61 motion on October 5, 2015. (D.I. 8-20 at 11, Entry No. 72) The Superior Court appointed counsel to represent Petitioner on January 6, 2016. (D.I. 8-20 at 11, Entry No. 76) Post-conviction counsel filed a motion to withdraw, and the Superior Court granted counsel's motion to withdraw and denied the Rule 61 motion on April 21, 2017. (*Id.* at 12, Entry Nos. 83, 85) The Delaware Supreme Court affirmed the Superior Court's decision on

February 8, 2018. *See Anderson v. State*, 180 A.3d 43 (Table), 2018 WL 826037, at *2 (Del. Feb. 8, 2018).

Petitioner filed the instant Petition in November 2018, which appears to assert two grounds, one alleging ineffective assistance of trial counsel[2] and one alleging that the trial court denied Petitioner his rights to due process and equal protection by failing to appoint counsel to represent Petitioner in his first Rule 61 proceeding. (D.I. 1)

## II.  ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

---

[2] The ineffective assistance of trial counsel argument is a combination of what Petitioner lists at Grounds One and Three in his Petition.

3

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on August 14, 1995, ninety days after the Delaware Supreme Court's May 16, 1995 decision affirming his convictions and sentences. However, because Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[3] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely file his Petition.

Petitioner, however, did not file the instant Petition until November 20, 2018,[4] which is more than twenty-one years after the expiration of the limitations period. Therefore, his habeas

---

[3] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

[4] Petitioner electronically filed the instant Petition on November 20, 2018, but the Petition itself is dated November 23, 2018 (D.I. 1 at 15). Since the three-day difference does not affect the Court's decision to dismiss the Petition, the Court will treat the earlier date as the date of filing.

4

Petition is untimely, unless the limitations period can statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock in this case started to run on April 24, 1996, and ran without interruption until it expired on April 24, 1997. None of Petitioner's Rule 61 motions statutorily toll the limitations period because he filed all five of those motions after April 24, 1997.[5] Accordingly, the instant Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560

---

[5]The petition for writ of mandamus that Petitioner filed on January 9, 1997 (D.I. 8-8) – which Petitioner withdrew on January 22, 1997 (D.I. 8-20 at 6) – does not toll the limitations period because it did not constitute an application for collateral review. Rather, the mandamus petition sought to force the Superior Court to provide Petitioner with a copy of the indictment.

5

U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner appears to assert that the limitations period should be equitably tolled under *Martinez v. Ryan*, 566 U.S. 1 (2012) because the Superior Court did not appoint counsel to represent him in his first Rule 61 proceeding. (D.I. 17 at 2) This argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

Petitioner does not assert that any other alleged extraordinary circumstance prevented him from timely filing the instant Petition. To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will grant the State's Motion to Dismiss the Petition as time-barred.

6

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and will dismiss the Petition as time-barred.

An appropriate Order will be entered.